SUMMARY ORDER
Cheng Lin and Weng Lin Wang, though counsel, petitions for review of the BIA decision denying them motion to reopen the BIA order affirming the decision of an immigration judge (“IJ”) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir.2004). Both parties’ briefs address the merits of the underlying adverse credibility determination, but this Court does not have jurisdiction to review such arguments. See Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). As the petition for review was filed on May 11, 2005, it was not timely with respect to the BIA’s February 25, 2005 summary affirmance of the IJ’s denial of relief. See 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed no later than 30 days after the date of a final order of removal).
In support of the motion to reopen, Lin submitted his own affidavit, an affidavit Wang, their marriage certificate, the birth certificates of them two children, various materials obtained from Dr. John Aird, and a Third Circuit decision. The BIA correctly noted that Third Circuit law is not controlling in this jurisdiction. Additionally, none of the submitted evidence indicates that Lin and Wang would be subject to harm upon return to China, either for violation of the family planning policy or for departing the country illegally. Finally, the letter from Dr. John Aird specifically states that the 2001 Chinese family planning law does not specify under what circumstances sterilization is authorized. Because Lin’s fear of future persecution based on illegal departure and the birth of two United States-citizen children is totally unsubstantiated, the BIA did not abuse its discretion in denying the motion to reopen. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that, “[i]n the absence of solid support in the record” for the petitioner’s claim that he will be subjected to persecution on account of his two U.S.-born children, “his fear is speculative at best”).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).